UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM B.,<br><br>            Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration,<br><br>            Defendant. | **REPORT AND RECOMMENDATION TO AFFIRM THE COMMISSIONER'S DECISION DENYING DISABILITY BENEFITS**<br><br>Case No. 1:22-cv-00169<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff William B.[1] filed this action for judicial review of the denial of his application for disability insurance benefits under Title II of the Social Security Act[2] by the Acting Commissioner of the Social Security Administration (the "Commissioner").[3]  The Administrative Law Judge ("ALJ") determined Mr. B. did not qualify as disabled.[4]  Mr. B. argues the ALJ erred by finding he could perform his past relevant work as it is generally

---

[1] Pursuant to best practices in the District of Utah addressing privacy concerns in certain cases, including social security cases, the court refers to Plaintiff by his first name and last initial only.

[2] 42 U.S.C. §§ 401–434.

[3] (*See* Compl., Doc. No. 1.)

[4] (Certified Tr. of Admin. R. ("Tr.") 15–25, Doc. No. 6.)

performed.[5]  After careful review of the record and the parties' briefs,[6] the undersigned[7] recommends the district judge affirm the Commissioner's decision.

<u>STANDARD OF REVIEW</u>

Section 405(g) of Title 42 of the United States Code provides for judicial review of a final decision of the Commissioner.  This court reviews the ALJ's decision to determine whether substantial evidence supports the ALJ's factual findings and whether the ALJ applied the correct legal standards.[8]  "[F]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal."[9]

An ALJ's factual findings are "conclusive if supported by substantial evidence."[10] Although the sufficiency threshold for substantial evidence is "not high," it is "more than a mere scintilla."[11]  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[12]  "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by

---

[5] (*See* Opening Br. 3, Doc. No. 7.)

[6] The appeal is determined on the written memoranda, as oral argument is unnecessary.  *See* DUCivR 7-1(g).

[7] This case is referred to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1)(B). (Doc. No. 5.)

[8] 42 U.S.C. § 405(g); *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

[9] *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005).

[10] *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153, ___ U.S. ___ (2019) (internal quotation marks omitted).

[11] *Id.* at 1154 (citation omitted).

[12] *Id.* (citation omitted).

substantial evidence."[13]  And the court may not reweigh the evidence or substitute its judgment for that of the ALJ.[14]

<u>APPLICABLE LAW</u>

The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" which is expected to result in death or last for at least twelve consecutive months.[15]  An individual is considered disabled only if her impairments are so severe, she cannot perform her past work or "any other kind of substantial gainful work."[16]

In making a disability determination, the ALJ employs a five-step sequential evaluation, considering whether:

1) the claimant is engaged in substantial gainful activity;

2) she has a severe, medically determinable physical or mental impairment;

3) the impairment is equivalent to an impairment precluding substantial gainful activity (listed in the appendix of the relevant disability regulation);

4) the claimant has a residual functional capacity to perform past relevant work; and

---

[13] *Lax*, 489 F.3d at 1084 (citation omitted).

[14] *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004).

[15] 42 U.S.C. § 423(d)(1)(A).

[16] *Id.* § 423(d)(2)(A).

5) the claimant has a residual functional capacity to perform other work existing in significant numbers in the national economy considering her age, education, and work experience.[17]

The claimant has the burden of establishing disability in the first four steps.[18]  At step five, the burden shifts to the Commissioner to show the claimant can perform other work existing in the national economy.[19]

PROCEDURAL HISTORY

On October 1, 2020, Mr. B. applied for disability insurance benefits under Title II, alleging disability beginning on August 1, 2020.[20]  After an administrative hearing,[21] the ALJ issued a decision on May 3, 2022, finding Mr. B. not disabled and denying his claim.[22]

At step two, the ALJ found Mr. B. had severe impairments of "degenerative disc disease of the cervical spine and lumbar spine and idiopathic neuropathy."[23]  The ALJ also found Mr. B. had nonsevere impairments including overactive bladder with urge incontinence, depressive disorder, and anxiety disorder.[24]  At step three, the ALJ found Mr. B.'s impairments did not meet

---

[17] *See* 20 C.F.R. § 404.1520(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988).

[18] *See Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989).

[19] *See id.*

[20] (*See* Tr. 15.)

[21] (*See* Tr. 29–49.)

[22] (Tr. 15–25.)

[23] (Tr. 18.)

[24] (*Id.*)

or equal the severity of an impairment listing.[25]  The ALJ then determined Mr. B. had the

residual functional capacity to perform "sedentary work" with the following limitations:

> [T]he claimant can sit, stand, or walk for 15 minutes at a time before switching to
> a different position.  He can occasionally climb, balance, stoop, kneel, crouch, and
> crawl.  The claimant must avoid concentrated exposure to vibration, hazards, and
> extreme cold.[26]

At step four, based on this residual functional capacity finding and relying on a vocational

expert's testimony, the ALJ found Mr. B. could perform his past relevant work as an order clerk

as it is "generally performed."[27]  The ALJ also made an alternative finding, at step five, that Mr.

B. could perform other jobs existing in significant numbers in the national economy.[28]

Therefore, the ALJ found Mr. B. not disabled.[29]

The Appeals Council denied Mr. B.'s request for review,[30] making the ALJ's decision

final for purposes of judicial review.

ANALYSIS

Mr. B. argues the ALJ erred by finding he could perform his past relevant work as it is

generally performed.[31]  Mr. B. contends this error was not harmless because the ALJ's

alternative finding that he could perform other work in the national economy was also

---

[25] (Tr. 19–20.)

[26] (Tr. 20.)

[27] (Tr. 24.)

[28] (Tr. 24–25.)

[29] (Tr. 25.)

[30] (*See* Tr. 1–3.)

[31] (*See* Opening Br. 3–8, Doc. No. 7.)

erroneous.[32]  As explained below, the ALJ did not err in finding, at step four, that Mr. B. could perform past relevant work.  Because this finding is sufficient to support the ALJ's determination that Mr. B. was not disabled, the ALJ's alternative finding at step five need not be addressed.[33]

A claimant is not disabled if he has the residual functional capacity to do past relevant work.[34]  A claimant is capable of past relevant work if he can perform either (1) "[t]he actual functional demands and job duties of a particular past relevant job," or (2) "[t]he functional demands and job duties of the occupation as generally required by employers throughout the national economy."[35]  "Therefore, [the] claimant bears the burden of proving his inability to return to his particular former job and to his former occupation as that occupation is generally performed throughout the national economy."[36]  For jobs listed in the Dictionary of Occupational Titles ("DOT"), the DOT descriptions may be relied upon "to define the job as it is *usually* performed in the national economy."[37]  Whether the past relevant work exists in significant numbers in the national economy is not considered.[38]

---

[32] (*Id.* at 8–11.)

[33] *See Williams*, 844 F.2d at 750 ("If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary.").

[34] *See* 20 C.F.R. § 404.1560(b)(3).

[35] SSR 82-61, 1982 SSR LEXIS 31, at *4; *see also Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1051 (10th Cir. 1993).

[36] *Andrade*, 985 F.2d at 1051.

[37] SSR 82-61, 1982 SSR LEXIS 31, at *3 (emphasis in original).

[38] *See* 20 C.F.R. § 404.1560(b)(3); *Barnhart v. Thomas*, 540 U.S. 20, 25–30 (2003).

Here, the ALJ found Mr. B.'s former job as an order clerk was past relevant work.[39] Referencing the job description in the DOT, the vocational expert testified that a person with Mr. B.'s residual functional capacity could perform the requirements of an order clerk "not as he performed it, but as generally performed with some reduction."[40]  She testified that due to the sitting, standing, and walking limitation, there would be a fifty percent reduction in the number of order clerk jobs available.[41]  Based on this testimony, the ALJ found Mr. B. could perform the order clerk job as it is generally performed.[42]

Mr. B. argues that if he can perform only fifty percent of order clerk jobs in the national economy, this means he cannot do the job as "generally performed."[43]  In support of his position, Mr. B. cites dictionary definitions of the word "generally," arguing they require more than fifty percent.[44]  However, other courts considering this issue have rejected similar arguments.  In *Go v. Kijakazi*,[45] a vocational expert testified that although the plaintiff was able to perform past relevant work, his limitations reduced the number of available jobs by approximately seventy

---

[39] (Tr. 24.)

[40] (Tr. 45–46.)

[41] (Tr. 46.)

[42] (Tr. 24.)

[43] (Opening Br. 7, Doc. No. 7.)

[44] (*Id.*)  Mr. B. cites definitions from dictionary.com, (*see id.*), but even these definitions do not uniformly support his argument.  Specifically, Mr. B. points to the definitions of "generally" as "usually; commonly; ordinarily" and "with respect to the larger part; for the most part."  (*Id.* (citing https://www.dictionary.com/browse/generally [https://perma.cc/5W6W-MLB7]).)  While some of these definitions may connote a majority, others such as "commonly" do not.  *See* https://www.dictionary.com/browse/commonly [https://perma.cc/EUV4-2YQF] (defining "commonly" as "often; frequently").

[45] No. 17cv903-JAH, 2022 U.S. Dist. LEXIS 46681 (S.D. Cal. Jan. 13, 2022) (unpublished).

percent.[46]  The plaintiff argued he was unable to do the job as "generally performed" if he could perform only a minority of available jobs.[47]  The court disagreed, concluding plaintiff's attempt to quantify the meaning of the word "generally" was a novel approach without any support.[48] The court also noted the availability of jobs is not relevant at this step in the sequential evaluation.[49]  Similarly, in *Tragerman v. Astrue*,[50] a vocational expert testified the plaintiff's limitations reduced the number of available jobs she could perform from her past relevant work by "at least 50 percent."[51]  The court rejected the plaintiff's argument that this reduction meant she could not do the job as it is generally performed, noting the number of available jobs is not considered.[52]  The reasoning of these cases is persuasive, and Mr. B. has cited no contrary legal authority supporting his position.  Accordingly, the vocational expert's statement that Mr. B.'s limitations reduced the available order clerk jobs by fifty percent did not prevent the ALJ from finding Mr. B. capable of doing this job as generally performed.

Mr. B. asserts no other challenge to the ALJ's finding that he was able to perform past relevant work.  The ALJ's step-four finding is supported by substantial evidence, including the

---

[46] *Id.* at *3–4.

[47] *See id.* at *11.

[48] *Id.* at *12.

[49] *Id.* at *11–12.

[50] No. CV 11-6097-PLA, 2012 U.S. Dist. LEXIS 50345, at *12 (C.D. Cal. Apr. 10, 2012) (unpublished).

[51] *Id.* at *12.

[52] *Id.* at *18–19.

vocational expert's testimony.  Therefore, the ALJ did not err in finding Mr. B. not disabled

based on his ability to perform past relevant work.[53]

RECOMMENDATION

The undersigned RECOMMENDS the district judge AFFIRM the Commissioner's

decision.  The court will send copies of this Report and Recommendation to all parties, who are

notified of their right to object.  Any objection to this Report and Recommendation must be filed

within fourteen days of service.[54]  Failure to object may constitute waiver of objections upon

subsequent review.

DATED this 3rd day of January, 2024.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[53] *See* 20 C.F.R. § 404.1560(b)(3).

[54] *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b).